## Schooley & Co. v. Custern et al.

*Frank L. Pinola*, for plaintiff.

*Bedford, Jones, McGuigan & Waller*, for defendants.

JONES, J., Jan. 30, 1930.—The title to the property is in the name of Harry Custren, the lien is filed against Harry Custern, and petitioner seeks to strike off the lien for that reason.

We are of the opinion that the principle of *idem sonans* applies.

In Myer *v.* Fegaly, 39 Pa. 429, real estate was conveyed to "John Bubb and wife," and payment of a judgment resisted upon the ground that the judgment was against John Bobb, and, therefore, not a lien on the property. The court held the variance immaterial, both forms having the same sound, stating: "Persons searching the judgment docket for liens ought to know the different forms in which the same name may be spelt, and to make their searches accordingly; unless, indeed, where a spelling is so entirely unusual that persons cannot be expected to think of it," and leave is granted the plaintiff to amend the name so that the lien will appear against Harry Custren in accordance with the record title. For the reasons stated in an opinion filed in a similar case in which the same parties are involved, No. 546, May Term, 1929, the rule to strike off the mechanic's lien is discharged.

From Frank P. Slattery, Wilkes-Barre, Pa.